IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID RASHEED ALI | § | |
| v. | § | CIVIL ACTION NO. 9:09cv52 |
| NATHANIEL QUARTERMAN | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff David Ali, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Ali seeks the right to grow a beard, as he says is called for by his Muslim faith. After review of the pleadings, the Magistrate Judge issued a Report on May 19, 2009, recommending that the lawsuit be administratively closed. The Magistrate Judge observed that the Fifth Circuit had remanded the very same issue to the U.S. District Court for the Southern District of Texas in a case called Garner v. Morales, slip op. no. 07-41015 (5th Cir., March 6, 2009) (unpublished). The Magistrate Judge stated that any declaratory or injunctive relief issued by the Southern District will affect the prison system as a whole, and so rather than risking potentially inconsistent adjudications, the Magistrate Judge recommended that this case be closed pending the outcome of Garner.

Ali filed objections to the Magistrate Judge's Report on May 29, 2009. In his objections, Ali says first that he did not consent to proceed before the Magistrate Judge. Consent to proceed before the Magistrate Judge is only required when the parties agree to have the Magistrate Judge serve as

1

presiding judge in the case. No consent is necessary for a referral of pre-trial matters, which is what has happened in this case.

Ali says that Garner is not a class action, and so the Magistrate Judge's statement that the outcome of that case will affect the prison system as a whole is "presumptuous." Garner's complaint seeks, *inter alia*, an injunction declaring that "the current grooming standards, as applied, violated the RLUIPA." The granting of such relief would obviously affect the prison system as a whole. Thus, while it is true that Garner has not been certified as a class action, such certification is unnecessary, because the requested injunctive relief, if granted, would have the same effect. *See* Fairley v. Forrest County, Mississippi, 814 F.Supp. 1327, 1329-30 (where declaratory and injunctive relief sought would have the same effect as a class action regardless of whether or not a class is actually certified, class certification is unnecessary); United Farmworkers of Florida Housing Project, Inc. v. City of Delray Beach, 493 F.2d 799, 812 (5th Cir. 1974). The Magistrate Judge did not err in determining that the possibility of inconsistent adjudications exists.

However, Ali says that under the Religious Land Use and Institutionalized Persons Act (RLUIPA), the State is "not required to make a system-wide change," but is only prohibited from "imposing a substantial burden upon the religious exercise of a person." He says that this is done on a case-by-case basis; however, the TDCJ grooming code is system-wide, as is its application to prohibit Muslims from wearing beards. Ali appears to contend that if Garner prevails, the relief would be to allow Garner and only Garner the right to wear a beard, but this is incorrect; were Garner to prevail, he would obtain an injunction to the effect that the TDCJ grooming code violated RLUIPA, Ali's objection on this ground is without merit.

Next, Ali says that his claim not only concerns RLUIPA, but also the First and Fourteenth Amendments, which Garner's claim does not. In fact, Garner's claim did raise the First and Fourteenth Amendments, but the dismissal of these claims was affirmed by the Fifth Circuit. Ali's objection on this ground is without merit.

Finally, Ali asserts that his case should stand alone and not be dependent on the outcome in Garner because of his contention that RLUIPA requires accommodation of religious exercises on a case-by-case basis, and so the facts of the cases can be distinguished. However, the heart of the cases is the assertion that the TDCJ grooming code, which prohibits prisoners from wearing facial hair, violates the Religious Land Use and Institutionalized Persons Act. An injunction to this effect in the Garner case would affect Ali as well. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is ADMINISTRATIVELY CLOSED and placed on an inactive docket for administrative and statistical purposes. Such lawsuit may be reopened at such time as the decision in Garner v. Morales, currently pending in the Southern District of Texas, becomes final through the conclusion of direct appeal. The administrative closing of this case shall not affect the substantive rights of any party thereto. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the 4 day of **June, 2009.**

_____
Thad Heartfield
United States District Judge