IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID RASHEED ALI | § | |
| v. | § | CIVIL ACTION NO. 9:09cv52 |
| NATHANIEL QUARTERMAN | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff David Ali, proceeding *pro se*, filed this civil action under 42 U.S.C. §1983 and the Religious Land Use and Institutionalized Persons Act complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Ali seeks the right to grow a beard, as he says is required by his religious faith. He also seeks the right to wear Islamic headgear, and argues that the TDCJ grooming policies unconstitutionally differentiate between male and female inmates. Similarly, Ali argues that TDCJ policies violate equal protection by creating an exception to the grooming standards for medical reasons but not religious reasons and by permitting special meals for non-Muslim inmates but not Muslim prisoners.

An evidentiary hearing was conducted on July 8, 2010. At this hearing, Ali stated that he wished to dismiss his claim concerning the special meals. He testified concerning his remaining claims.

Following this hearing, the Magistrate Judge issued a Report on July 20, 2010, recommending that the lawsuit be dismissed. The Magistrate Judge first noted that in a previous opinion in this case, the Fifth Circuit had pointed to Gooden v. Crain, 353 Fed.Appx. 885 (5th Cir. 2009), as a case which "the district court may find illuminating in how to best further handle this

1

case." In Gooden, the plaintiff sought the right to grow a beard, as dictated by the tenets of his faith, but the Fifth Circuit upheld the trial court's finding that the TDCJ grooming policy, including the prohibition against growing a beard for non-medical reasons, furthers a compelling governmental interest and is the least restrictive means of furthering this interest. The Magistrate Judge also discussed a number of other pertinent decisions regarding religious freedom, including: Cutter v. Wilkinson, 125 S.Ct. 2113 (2005); Longoria v. Dretke, 507 F.3d 898 (5th Cir.2007); Adkins v. Kaspar, 393 F.3d 559 (5th Cir. 2004); Freeman v. TDCJ-CID, 369 F.3d 854 (2004); and Diaz v. Collins, 114 F.3d 69 (5th Cir. 1997).

In addressing Ali's specific claims, the Magistrate Judge first took up the issue of the beard. In Gooden, the Magistrate Judge said, the district court credited testimony that the grooming code addresses a "significant security concern," and the Fifth Circuit held that the findings of fact made by the district court in Gooden were not clearly erroneous. The district court in Gooden also made findings that: the shaving requirement is the least restrictive means of addressing the prison's security concerns; significant administrative difficulties would arise if Muslim inmates were allowed to receive clipper shave passes for religious reasons; and contraband can be concealed in beards. These findings were upheld by the Fifth Circuit. Based on these findings, the Magistrate Judge in the present case concluded that Ali's claims regarding the growing of a beard were foreclosed by Gooden. Although Ali correctly pointed out that the Fifth Circuit had specified that it was making no broad holding that the grooming policy would always be upheld, the Magistrate Judge concluded that he had offered no evidence to warrant a different conclusion.

Second, the Magistrate Judge addressed Ali's claims concerning the wearing of headgear, specifically a Kufi cap. The Magistrate Judge noted that in Muhammed v. Lynaugh, 966 F.2d 901 (5th Cir. 1992), the Fifth Circuit upheld a TDCJ prohibition against the wearing of such caps outside of the chapel or their cells. Based on this decision, the Magistrate Judge concluded that this prohibition was the least restrictive means of addressing the prison's security concerns while providing the means to wear the caps in certain circumstances.

The Magistrate Judge next turned to Ali's discrimination claims. With regard to the claim that TDCJ policies were discriminatory in that they allowed medical exemptions but not religious exemptions to the grooming policy, the Magistrate Judge pointed to an unpublished Fifth Circuit decision called Garner v. Morales, slip op. no. 07-41015, 2009 WL 577755 (5th Cir., March 6, 2009), which held that "individuals receiving an exemption from the grooming policy due to an objectively verifiable medical condition are, by definition, not similarly situated" to persons claiming a religious exemption. The Magistrate Judge thus concluded that Ali's equal protection claim on this point lacked merit.

Similarly, the Magistrate Judge observed that the Fifth Circuit has routinely upheld the TDCJ grooming policies against equal protection challenges based on the alleged disparity between the treatment of male and female inmates. Longoria v. Dretke, 507 F.3d 898, 904 (5th cir. 2007); Hill v. Estelle, 537 F.2d 214, 215-16 (5th Cir. 1976). The Magistrate Judge determined that this claim lacked merit as well.

Finally, the Magistrate Judge reviewed Ali's Free Exercise Clause claims. In Green v. Polunsky, 229 F.3d 486, 489 (5th Cir. 2000), the Fifth Circuit held that the TDCJ grooming policies did not violate the Free Exercise Clause with respect to a prisoner challenging these policies on religious grounds.

Ali filed timely objections to the Magistrate Judge's Report. In his objections, Ali acknowledges that on July 28, 2010, he was given a clipper shave pass for medical reasons, allowing him to grow a quarter-inch beard. To the extent that Ali seeks injunctive relief allowing him to grow a beard, his complaint is moot.

In the remainder of his objections, Ali first argues that he has demonstrated that the TDCJ policies impose a substantial burden upon his exercise of his religious faith. He concedes that the TDCJ policies further compelling state interests, but argues that these policies are not the "least restrictive means" to do so. Ali says that the TDCJ has not yet been ordered to show that the substantial burden imposed on his religious exercise is the least restrictive means of furthering these

3

interests. He quotes Beard v. Banks, 126 S.Ct. 2572, 2589 (2006) as saying that "the fact that most states and the federal government run their prisons without resorting to the ban at issue casts serious doubt upon the need for the challenged constitutional deprivation," but fails to note that the quote he cites is from Justice Stevens' dissenting opinion in Beard, not the opinion of the Court, nor that the ban at issue in that case referred to access to publications and photographs for inmates in segregation, rather than grooming standards.

Ali goes on to assert that he has cases constituting binding authority, as well as "persuasive" cases from other circuits. He cites a number of cases from other circuits, and as the Magistrate Judge recognized, some courts outside of the Fifth Circuit have indeed sided with the challenges raised by Muslim inmates to their prisons' grooming standards. However, until the Fifth Circuit reverses itself, or the Supreme Court definitively decides the issue, this Court is bound by the precedents established by the Fifth Circuit.

Ali cities two district court cases, Lewis v. Scott, 910 F.Supp. 282 (E.D. Tex. 1995), reversed 127 F.3d 33, 1997 WL 589183 (5th Cir.,September 2, 1997), and Taylor v. Cockrell, civil action no. 4:00cv2809, 2002 WL 34423557 (S.D.Tex., September 25, 2002). He concedes that Lewis was reversed by the Fifth Circuit and that the injunction in Taylor was vacated, but says that the legal reasoning used by the district courts in those cases was valid and should be followed. However, the reasoning in those cases is contrary to the decisions of the Fifth Circuit which the Magistrate Judge cited. Ali's objection on this point is without merit.

After citing a number of cases from other circuits, Ali seeks to distinguish Diaz v. Collins by saying that unlike the plaintiff in that case, he is not a gang member and is not confined to administrative segregation. However, these facts were not dispositive in Diaz. Instead, the Court found that the TDCJ grooming standards did not violate the Religious Freedom Restoration Act, the predecessor statute to the Religious Land Use and Institutionalized Persons Act which applied essentially the same standards. Ali also acknowledges that in Green, the Fifth Circuit joined other circuits in upholding the grooming policy, but argues that those other circuit cases should not have

4

been followed. He argues that Gooden should not be followed because he, Ali, has offered alternatives and has presented evidence in support of his claims.

Ali contends that a photograph of him with facial hair is no different than a photograph of him without facial hair. Because TDCJ already has a photograph of him without facial hair, he says that this meets the prison's security concerns. Ali further contends that the TDCJ search procedures should alleviate the security concerns regarding the concealment of contraband, and that the use of such searches, not a ban on facial hair, is the "least restrictive means." He argues that the Court cannot accept the prison officials' "mere speculative, exaggerated fears, or post hoc rationalizations." However, the prison officials' security concerns have been accepted by the Fifth Circuit in the numerous decisions upholding the TDCJ grooming regulations. This objection is without merit.

Ali says that even if all Muslims or even every inmate were allowed to use clipper shavers, this would not impose any additional administrative burdens on TDCJ nor require the construction of additional barbershops. He points to the statement in Powell v. Estelle, 959 F.2d 22, 25 (5th Cir. 1992), in which the Fifth Circuit noted that the district court rejected the argument that elimination of the grooming code would cost millions of dollars for such items as the purchase of additional cameras. However, in Gooden, the district court found that the suggested alternative of allowing quarter-inch beards was not administratively or financially feasible, a holding which was upheld by the Fifth Circuit. Ali offers nothing to show that this holding in Gooden was in error. This objection is without merit.

The Magistrate Judge noted that if Muslim prisoners are allowed to grow beards, other prisoners may change their religious preferences for the sake of obtaining this privilege. Ali says that this concern is grounded in "mere speculation and exaggerated fears, " even though, as the Magistrate Judge detailed, the number of Muslim inmates jumped when pork-free diets were instituted, and the number of prisoners claiming adherence to Native American religion increased by a factor of almost 100 when those practitioners were allowed to use tobacco in their pipe ceremonies. Furthermore, he says that even if this does happen, there are other ways to appropriately

5

handle the situation, even as the prior incidents were handled by TDCJ. As the Magistrate Judge pointed out, though, the issue with increased conversions for the sake of obtaining privileges concerns the increase in administrative costs. Ali's argument fails to rebut the Magistrate Judge's conclusion, based on Fifth Circuit precedent, that the grooming code represents the least restrictive means of addressing the prison's security concerns. His objection on this point is without merit.

Ali contends that the State cannot "advance its interests solely by targeting religiously motivated conduct." However, he makes no showing that the TDCJ grooming policy is an advancement of the State's interest solely by targeting religiously motivated conduct; the grooming policy is applicable to all inmates under all circumstances, with the sole exception of inmates with a specific medical need. Ali points to no evidence that TDCJ adopted its grooming policy with the intent of targeting religiously motivated conduct. Prisoners who wish to grow beards for reasons unrelated to religion are also prohibited from doing so. This contention is without merit.

Next, Ali argues that in Green v. Polunsky, the Fifth Circuit left open the question of whether the grooming regulation unconstitutionally treated similarly situated prisoners differently. In fact, Green states in a footnote that "under an extremely liberal reading of this *pro se* appeal, we might construe Khidar [Green's Muslim name] as also advancing an equal protection claim. That issue was not briefed, however, and thus we deem it to be abandoned." Green, 229 F.3d at 489 n.6. That case thus did not address the equal protection issue at all; those cases which have addressed the issue, as cited by the Magistrate Judge, have held that the TDCJ grooming standards do not violate equal protection. Ali's objection on this point is without merit.

Ali goes on to argue that the grooming code is applied differently between religious and non-religious inmates, but he offers nothing to show that non-religious inmates are permitted to grow beards or are otherwise exempted from the code. As the Magistrate Judge observed, the Fifth Circuit has specifically held that inmates who are allowed to grow beards for medical reasons are not similarly situated to inmates seeking to grow beards for religious reasons, and a claim of an equal

6

protection violation requires a showing of discrimination among similarly situated persons. Muhammed v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992). This claim is without merit.

Ali contends that his case is "significantly different" from Gooden, and that Gooden is not precedential, despite the fact that the Fifth Circuit specifically pointed to Gooden in remanding Ali's own case. In fact, Gooden and the other Fifth Circuit cases cited by the Magistrate Judge represent clear precedent which is contrary to Ali's assertions. While it is true that Gooden was unpublished, the Fifth Circuit clearly considered the decision to carry some weight, in stating that "the district court may find [Gooden] illuminating in how to best further handle this case." Ali's objection on this point is without merit.

Ali complains that he did not consent to have the Magistrate Judge decide his case and that he is being denied a jury trial. The Magistrate Judge has not decided his case, but is simply acting under the terms of the referral for pre-trial matters pursuant to 28 U.S.C. §636(b). Ali seeks only declaratory and injunctive relief in his complaint and so a trial by jury is not available. Baum v. Blue Moon Ventures, LLC., 513 F.3d 191, 193 (5th Cir. 2008).

Next, Ali says that the fact that this identical issue was remanded to the U.S. District Court for the Southern District of Texas in a case called Garner v. Morales shows that he has stated a claim upon which relief may be granted. Garner was remanded prior to the decision by the Fifth Circuit in Gooden, and the Court offers no opinion as to the effect of Gooden upon the Garner case now pending in the Southern District. This objection is without merit.

Ali complains that the TDCJ justification regarding headgear is "crippled" by the fact that inmates are allowed to walk around wearing personal (i.e. commissary-purchased) items such as T-shirts, thermal pants and shirts, socks, and shorts, while at the same time wearing TDCJ-issued boxers and uniforms with two pockets. He argues from this that inmates should be able to walk around wearing Islamic headgear; he says that he would be willing to give up his commissary-purchased T-shirt and socks to be able to wear a Kufi cap. However, as the Magistrate Judge

7

observed, the Fifth Circuit has already upheld the TDCJ policies regarding Kufi caps. <u>Muhammed v. Lynaugh</u>, 966 F.2d 901, 903 (5th Cir. 1992). This objections is without merit.

Finally, Ali says that on July 28, 2010, he was granted a medical exemption to wear a quarter-inch beard for medical reasons. He says that this "cripples" TDCJ's interest in preventing him from growing a beard for religious reasons. The Fifth Circuit said in <u>Garner v. Morales</u> that inmates who must grow beards for medical reasons are not similarly situated to those who wish to grow beards for religious reasons, and so an Equal Protection claim must fail. As noted above, this granting of the exemption to Ali renders moot his request for injunctive relief regarding the growing of a beard. Ali's objection on this point is without merit.

Ali has also sought injunctive relief separately from his complaint. This relief was denied, and Ali has filed a motion for reconsideration. On July 6, 2010, the Magistrate Judge issued a Report recommending that reconsideration be denied. Ali has filed objections, but these have no merit.

The Court has conducted a careful *de novo* review of the pleadings and testimony in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 70) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice and frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that any and all motions, specifically including but not limited to the Plaintiff's motion for reconsideration of the denial of his motion for injunctive relief (docket no. 39) are hereby DENIED.

**SIGNED** this the **24** day of **September, 2010.**

_____
Thad Heartfield
United States District Judge