IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID RASHEED ALI | § | |
| v. | § | CIVIL ACTION NO. 9:09cv52 |
| NATHANIEL QUARTERMAN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

The Plaintiff David Ali, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc-1, complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Ali's lawsuit concerns the TDCJ grooming code, specifically with regard to the growing of beards for religious reasons. The district court dismissed the case, but the Fifth Circuit remanded the case.

On October 24, 2011, Ali filed a motion for an order to show cause and for a temporary restraining order, arguing that in a prior order, the Court had said that if another inmate named Garner were to prevail in a lawsuit which he had filed concerning the grooming code, then he, Ali, could obtain an injunction. He says that Garner has in fact prevailed and so he, Ali, should also be entitled to injunctive relief.

On November 28, 2011, the Magistrate Judge issued a Report recommending that Ali's motion be denied. The Magistrate Judge noted that the prior order to which Ali referred stated that

1

if injunctive relief were granted to Garner, and the TDCJ grooming code declared unconstitutional, such relief would operate to Ali's benefit as well. Garner was in fact awarded declaratory and injunctive relief authorizing him to wear a quarter-inch beard as a religious exercise, but the judgment was stayed when the case went on appeal, where it is now. Hence, the Magistrate Judge said, the decision in Garner's case is not final.

The Defendants have filed a response to Ali's motion noting that on March 2, 2011, the Fifth Circuit upheld the TDCJ grooming policy, saying that it is the least restrictive means of serving the compelling interests of prison security and controlling costs, and that this policy does not violate the Religious Land Use and Institutionalized Persons Act. In that same decision, the Fifth Circuit held that the plaintiff, who like Ali is a Muslim inmate of TDCJ, was not entitled to relief on his request for a quarter-inch beard. DeMoss v. Crain, 636 F.3d 145, 155 (5th Cir. 2011).

In reviewing Ali's request for injunctive relief, the Magistrate Judge concluded that Ali had failed to show that he had a substantial likelihood of success on the merits. Although Ali pointed to the district court's unpublished decision in Garner's case, which decision has been stayed pending appeal, a virtually identical claim was rejected by the Fifth Circuit in DeMoss. The existence of recent, contrary Fifth Circuit authority shows a lack of any substantial likelihood of success.

In addition, the Magistrate Judge said, Ali did not show that his proposed injunction would not disserve the public interest. The Magistrate Judge noted that prison authorities are accorded wide-ranging deference in their adoption and execution of policies and practices which are needed to preserve internal order and discipline and to maintain internal security, and so federal district courts should avoid becoming "enmeshed in the minutiae of prison operations." Lewis v. Casey, 116 S.Ct. 2174, 2182 (1979). Thus, the Magistrate Judge recommended that Ali's request for injunctive relief be denied.

Ali filed objections to the Magistrate Judge's Report on December 9, 2011. In these objections, Ali says first that he did not file a request for "injunctive relief," as the Magistrate Judge had termed it, but rather a motion for an order to show cause and a temporary restraining order. A

temporary restraining order is a form of injunctive relief, and so the Magistrate Judge did not err in referring to Ali's motion as a request for injunctive relief.

Next, Ali argues that DeMoss was decided after the case was remanded and cannot be binding precedent because if it was, the Fifth Circuit would not have remanded his case. However, the fact remains that in DeMoss, a published decision, the Fifth Circuit rejected a challenge to the TDCJ grooming standards which is almost identical to Ali's. As the Magistrate Judge said, the existence of recent precedent directly contrary to Ali's claims is sufficient to show that Ali lacks the substantial likelihood of success needed to obtain a temporary restraining order, whether or not he is able to distinguish or overcome this precedent when his case is considered on the merits.

Ali argues that he has consistently put forward less restrictive alternatives to the TDCJ grooming standards, and that the Supreme Court has held that plaintiffs "must be deemed likely to prevail" unless the government shows that the proposed less restrictive alternatives are less effective than the challenged regulations, citing Ashcroft v. ACLU, 542 U.S. 656, 666 (2004). In that case, the Supreme Court affirmed a decision by the Third Circuit upholding the grant of an injunction enjoining the Child Online Protection Act. In the present case, however, Ali seeks the issuance of an order enjoining the TDCJ grooming standards, but these standards have been repeatedly upheld by the Fifth Circuit in the face of challenges under RLUIPA. Whether Ali can prevail on the merits of his claim is a matter for another day, but it is clear that he has not met the burden of proof required for the issuance of a temporary restraining order. Ali's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's motion for an order to show cause and a temporary restraining order, the response to this motion by the Defendants, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 124) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for an order to show cause and a temporary restraining order (docket no. 118) is hereby DENIED.

So **ORDERED** and **SIGNED** this **8** day of **January, 2012.**

_____
Ron Clark, United States District Judge