IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

DAVID RASHEED ALI                              §

VS.                                            §        CIVIL ACTION NO. 9:09-CV-52

WILLIAM B. STEPHENS                            §

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff David Rasheed Ali, an inmate currently confined at the Michael Unit of the Texas

Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed this civil rights

action pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42

U.S.C. § 2000cc, against the Director of TDCJ-CID.  The Plaintiff challenges prison policies that

prohibit him from wearing a full-length beard and from wearing a Kufi cap throughout the prison

facility.

The Fifth Circuit remanded the case for further proceedings on the merits of the Plaintiff's

RLUIPA claims and for a ruling on the Plaintiff's motion for a preliminary injunction on his

RLUIPA claim challenging the grooming policy.  *Ali v. Quarterman*, 434 F. App'x 322 (5th Cir.

2011).  The Plaintiff subsequently filed a motion for a temporary restraining order allowing him to

wear a full-length beard and to wear his white Kufi cap throughout the prison at all times.

<u>Standard of Review</u>

A party seeking a temporary restraining order or preliminary injunction must establish the

following elements:   (1) there is a substantial likelihood the party will prevail on the merits; (2) a

substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the

threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the

preliminary injunction will not disserve the public interest. *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

Analysis

The RLUIPA prohibits a government from imposing a substantial burden on a prisoner's religious exercise, even if the burden results from a rule of general applicability, unless the burden is: (1) in furtherance of a compelling governmental interest; and (2) the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1(a).[1]

The plaintiff bears the initial burden of proving the challenged government action substantially burdens his religious exercise. *DeMoss v. Crain*, 636 F.3d 145, 150 (5th Cir. 2011). The statute defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7). The RLUIPA does not define "substantial burden," but the Fifth Circuit has held that a government regulation places a substantial burden on a religious exercise if it pressures the prisoner to significantly modify his religious

---

[1]     The Supreme Court has noted that the RLUIPA reinstated the "compelling government interest"/"least restrictive means" standard set by the Religious Freedom Restoration Act (RFRA). The RFRA was enacted in response to *Employment Div., Dep't of Human Resources v. Smith*, 494 U.S. 872, 878-882 (1990), in which the Supreme Court held that the Free Exercise Clause is not offended by the enforcement of laws of general application that incidentally burden religious conduct. *See Cutter v. Wilkinson*, 544 U.S. 709, 714-15 (2005). The RFRA prohibited a government from substantially burdening a person's exercise of religion unless the government demonstrated that the burden is the least restrictive means of furthering a compelling government interest. 42 U.S.C. §§ 2000bb, *et seq*. The Supreme Court invalidated the RFRA as applied to States and their subdivisions, holding that it exceeded Congress' powers under the Fourteenth Amendment. *City of Boerne v. Flores*, 521 U.S. 507, 532-36 (1997).

In response to *City of Boerne*, Congress passed the RLUIPA. *Cutter*, 544 U.S. at 715. Invoking its powers under the Spending and Commerce Clauses, Congress largely reprised the provisions of the RFRA, but limited its scope to laws and regulations governing land use and institutions, including prisons, that receive federal funds. *Id.*; *Adkins v. Kaspar*, 393 F.3d 559, 567 (5th Cir. 2004).

behavior and significantly violate his beliefs. *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004). A government regulation does not pose a substantial burden to religious exercise "if it merely prevents the adherent from either enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed." *Id.*

If the plaintiff shows that the challenged government action substantially burdens his religious exercise, the burden shifts to the defendant to prove a compelling state interest, and that the government action is the least restrictive means of furthering that interest. *DeMoss v. Crain*, 636 F.3d at 150. The court must give due deference to the expertise of prison officials in establishing regulations and procedures to maintain order, security and discipline, taking into consideration costs and limited resources. *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005).

I. *Grooming Policy*

The Plaintiff argues that, as a Muslim, his faith requires him to wear a full beard, which he asserts is equal to one-fist length. The Plaintiff seeks injunctive relief during the pendency of this lawsuit enjoining the Defendant from enforcing the grooming policy preventing him from wearing a beard.

A.      *Substantial Likelihood of Prevailing on the Merits*

The Defendant argues that the grooming policy does not substantially burden the Plaintiff's religious exercise. In support of this contention, the Defendant submitted the affidavit of TDCJ Chaplain Haywood Talib, an Imam or Muslim religious leader. Chaplain Talib states that the Quran does not mandate followers to wear a beard. Chaplain Talib calls the wearing of a beard a personal practice, not a religious mandate. However, Chaplain Talib acknowledges that Muslim scholars have differing opinions as to whether wearing a beard is required.

Because courts are "ill-suited to resolve issues of theology," the court must not inquire whether a religious practice is central to the adherent's religious belief system. *See Adkins*, 393 F.3d at 570. A plaintiff is only required to demonstrate the "honesty and accuracy of his contention that the religious practice at issue is important to the free exercise of his religion." *Id.* For the Plaintiff, wearing a beard is clearly a "religious exercise" as defined by the RLUIPA, regardless of whether other Muslims or religious scholars feel that the Quran compels them to wear a full beard. It is undisputed that the Plaintiff's failure to comply with the TDCJ grooming policy requiring inmates to be clean-shaven subjects him to disciplinary action. The policy creates a substantial burden on the Plaintiff's religious exercise because it forces him to choose between being clean-shaven or exercising his religious beliefs and facing disciplinary action. Thus, the burden shifts to the Defendant to demonstrate that enforcing the grooming policy against the Plaintiff furthers a compelling governmental interest, and that it is the least restrictive means of furthering that interest.

Cases brought pursuant to the RLUIPA require a "fact-specific inquiry that takes into account the special circumstances of the individual prisoner and prison." *Chance v. TDCJ*, 730 F.3d 404, 411 (5th Cir. 2013). Nevertheless, in determining whether there is a substantial likelihood that a plaintiff will prevail on the merits, the court must consider the Fifth Circuit's opinion in *Garner v. Kennedy*, 713 F.3d 237 (5th Cir. 2013). In *Garner*, a Muslim inmate challenged the application of TDCJ's grooming policy as it applied to him. *Id.* at 240. Initially, the district court granted the defendant's motion for summary judgment and dismissed Garner's claims. *Id.* at 241. The Fifth Circuit reversed the district court's judgment on Garner's requests for declaratory and injunctive relief. *Id.* On remand, the district court appointed counsel for the plaintiff and conducted a bench trial. *Id.* The district court considered the defendant's claims that the no-beard policy was essential

to TDCJ's compelling interest in safety because: (1) the identification of prisoners would be hindered, (2) contraband and weapons could be hidden in a beard, and (3) a prison escapee could change his appearance by shaving his beard. *Garner v. Livingston*, 2011 WL 2038581, at *2 (S.D. Tex. May 19, 2011). The district court also considered cost-related interests concerning the extra expense in changing photographs on prisoner identification cards and paying for additional barbers and clippers to trim the beards of Muslim prisoner to a quarter-inch. *Id*. The district court found these arguments unpersuasive, and found that TDCJ failed to show that the no-beard policy is the least restrictive means of furthering a compelling government interest. *Id*. at *2-3. Therefore, the court enjoined the defendants from enforcing the grooming policy that prohibited Garner from wearing a quarter-inch beard.[2] *Id.* at *3.

On appeal, the Fifth Circuit found that two prior cases, in which TDCJ's no-beard policy was upheld,[3] did not control the result in *Garner*. *Garner*, 713 F.3d at 244. The Fifth Circuit noted that the record in *Garner* was substantially different than the prior cases because Garner was represented by counsel, thoroughly cross-examined the defense witnesses, proposed different alternatives to the policy, and presented expert testimony. *Id*. The Court found that the defendants did not meet their burden of showing that the policy was the least restrictive means of advancing their compelling interests in controlling costs and security. *Id*. at 245, 247.

As the parties note, the record in this case is different than the record in *Garner*. For example, the Plaintiff points out that *Garner* does not address his contentions that he should be

---

[2]  Although Garner asserted that the Quran prescribes a fist-length beard, he only sought declaratory and injunctive relief allowing him to maintain a quarter-inch beard. *Garner v. Livingston*, 2011 WL 2038581, at *2 n. 2 (S.D. Tex. May 19, 2011).

[3]  *See DeMoss v. Crain*, 636 F.3d 145 (5th Cir. 2011) (per curiam); *Gooden v. Crain*, 353 F. App'x 885 (5th Cir. 2009) (per curiam).

allowed to wear a full beard of three to four inches in length. The Defendant has submitted summary judgment evidence that was not available to the Court in *Garner*, such as: the cost of identification pictures, the cost of maintaining the same inmate to correctional officer ratio as the Bureau of Prisons, security problems caused by the unrestricted beard policy in the Bureau of Prisons and California, the cost to install a video surveillance system equivalent to the Bureau of Prisons, the cost of installing electric fences around Texas prisons, and the estimated cost of enforcing a changed grooming standard for Muslim prisoners. While this evidence supports the Defendant's argument that TDCJ has compelling security, safety and cost interests in banning full beards, it is far less persuasive regarding the Plaintiff's alternate request to be allowed a quarter-inch beard. With respect to the Plaintiff's request to wear a quarter-inch beard, the Defendant has not met his burden of proving that the no-beard policy is the least restrictive means of achieving a compelling government interest with respect to wearing a quarter-inch beard.

In light of *Garner* and the evidence currently before the court, the Plaintiff has shown a substantial likelihood that he will prevail on the merits of his RLUIPA claim regarding his request to wear a quarter-inch beard. *See Hickman-Bey v. Livingston*, 2013 WL 6817309, at \*5 (S.D. Tex. Dec. 20, 2013); *Strong v. Livingston*, 2013 WL 6817095, at \*11-12 (S.D. Tex. Dec. 20, 2013).

> B.      *Substantial Threat of Irreparable Harm*

The Plaintiff is not entitled to a temporary restraining order or preliminary injunction unless he shows there is a substantial threat he will suffer irreparable harm if injunctive relief is not granted. The loss of freedoms granted by the First Amendment and the RLUIPA are sufficient to satisfy the irreparable harm requirement. *Opulent Life Church*, 697 F.3d at 295-96 (citing *Elrod v. Burns*, 427

U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.") ).

C.    *Threatened Injury Outweighs Threatened Harm to the Defendant*

In addition to proving that there is a substantial threat he will suffer irreparable harm, the Plaintiff must show that the threatened harm to him outweighs the threatened harm to the Defendant. Because the Plaintiff has shown that the harm to him is irreparable, the Defendant would need to present "powerful evidence of harm to [his] interests" to prevent the Plaintiff from meeting this requirement. *Id*. at 297. The Defendant has not produced powerful evidence of any threatened harm if the Plaintiff is permitted to grow a quarter-inch beard during the pendency of this action. Therefore, the Plaintiff has met his burden of demonstrating that the threatened harm to him outweighs any threatened harm to the Defendant. *Hickman-Bey*, 2013 WL 6817309, at *6; *Strong*, 2013 WL 6817095, at *11.

D.    *Public Interest*

The public certainly has an interest in the safety and security of their prisons and the costs to operate them. However, the court has already concluded, on the record before it, that the no-beard policy is not the least restrictive means of achieving these compelling interests. Injunctions protecting First Amendment and RLUIPA rights are always in the public interest. *Opulent Life Church*, 697 F.3d at 298. Therefore, this requirement is met if the Plaintiff has shown a substantial likelihood of success on the merits, which the Plaintiff has done. *Id.*

*E.     Conclusion*

The Plaintiff has met his burden for a temporary restraining order and preliminary injunction with respect to wearing a quarter-inch beard, but has not met the burden with respect to his request to wear a full beard.

*II. Kufi Cap*

The Plaintiff is currently permitted to wear a Kufi cap in his cell and at religious services. He requests a temporary restraining order allowing him to wear his Kufi cap throughout the prison at all times.

For purposes of this Memorandum Opinion, the court assumes that the prison policy substantially burdens the Plaintiff's religious exercise. The Defendant has asserted compelling safety and security interests in the policy limiting the use of Kufi caps. In addition, on the record before the court, the policy is the least restrictive means of furthering those interests. As the district court noted in *Garner*:

> Unlike facial hair, the Kufi is easily capable of being donned in one location and doffed in another. In addition to the removability, the Kufi is distinguished from the quarter-inch beard in its potential for the concealment of a weapon or contraband. Given the State's compelling interest in the safety and security of prisoners and prison staff, requiring a Muslim prisoner to remove his Kufi and to make it available for inspection while on route to and from his religious service appears to qualify as the least restrictive way of furthering that compelling interest.

*Garner*, 2011 WL 2038581, at *3.

The Plaintiff has not demonstrated a substantial likelihood of prevailing on his claim concerning the Kufi cap. Therefore, he is not entitled to a temporary restraining order allowing him to wear a Kufi cap throughout the prison at this stage in the litigation.

## ORDER

The Plaintiff's requests for a temporary restraining order and a preliminary injunction are **GRANTED** to the extent that William B. Stephens, his successors, and all persons acting in concert with him are **RESTRAINED** and **ENJOINED** from enforcing the TDCJ grooming policy prohibiting David Rasheed Ali from wearing and maintaining a quarter-inch beard as an exercise of his rights under the RLUIPA. In all other respects, the Plaintiff's motions for a temporary restraining order and preliminary injunction are **DENIED**.

SIGNED this 4th day of February, 2014.

_____
Zack Hawthorn
United States Magistrate Judge