IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID RASHEED ALI | § | |
| VS. | § | CIVIL ACTION NO. 9:09-CV-52 |
| WILLIAM B. STEPHENS | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff David Rasheed Ali, an inmate currently confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed this civil rights action pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc, against the Director of TDCJ-CID. Following a five-day bench trial, the defendant was enjoined from enforcing the Texas Department of Criminal Justice (TDCJ) religious head wear policy prohibiting David Rasheed Ali from wearing a Kufi throughout the prison facility. The defendant was also enjoined from enforcing the TDCJ grooming policy prohibiting David Rasheed Ali from wearing and maintaining a fist-length beard.

Now pending is the defendant's opposed motion to stay the judgment as to the enforcement of the TDCJ religious head wear policy pending appeal (document no. 347). Defendant does not request a stay of the judgment regarding enforcement of the grooming policy.

Analysis

Federal Rule of Civil Procedure 62(c) allows the court to grant a stay of an injunction while an appeal is pending. A stay is an exercise of judicial discretion; it is not a matter of right. *Nken v. Holder*, 556 U.S. 418, 432 (2009). In exercising that discretion, the court must consider: (1) whether the party requesting the stay has made a strong showing that he is likely to succeed on

the merits; (2) whether the party will be irreparably injured absent a stay; (3) whether a stay would substantially injure other parties; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The party requesting the stay bears the burden of showing that these four factors warrant issuing a stay. *Nken*, 556 U.S. at 433-34.

The defendant failed to address the four factors in his motion. The defendant argues that this court's judgment is inconsistent with opinions issued by the United States Court of Appeals, which are not directly on point, and with the opinions of another district court. *See Diaz v. Collins*, 114 F.3d 69 (5th Cir. 1997); *Muhammed v. Lynaugh*, 966 F.2d 901 (5th Cir. 1992); *Garner v. Livingston*, 2011 WL 2038581 (S.D. Tex. 2011). The defendant also contends a stay should be granted because prison officials are entitled to deference. Arguably, these contentions bear on the first factor. However, they are insufficient to make a strong showing that the defendant is likely to prevail on the merits on appeal. Further, the defendant made no attempt to address any of the other relevant factors. Because the defendant has not met his burden, the motion to stay should be denied. It is accordingly

**ORDERED** that defendant's motion to stay the judgment as to the enforcement of the TDCJ religious head wear policy pending appeal is **DENIED**.

SIGNED this 3rd day of December, 2014.

_____
Zack Hawthorn
United States Magistrate Judge