IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| DAVID RASHEED ALI | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:09-CV-52 |
| WILLIAM B. STEPHENS | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David Rasheed Ali, an inmate currently confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed this civil rights action pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc, against the Director of TDCJ-CID. The Plaintiff challenged prison policies that prohibited him from wearing a fist-length beard and from wearing religious head wear, specifically a Kufi, throughout the prison facility. Following a five-day bench trial, the court found that the policies violated plaintiff's rights under the RLUIPA. The court also found that the Plaintiff was entitled to declaratory and injunctive relief.

As the prevailing party in the action,[1] the Plaintiff seeks attorney's fees and costs in the amount of $292,420.35. The Defendant opposes and objects to $101,307.30 of the attorney's fees and costs.

### Legal Standard

Unless prohibited by statute, Federal Rule of Civil Procedure 54(d) allows the court to award costs, other than attorney's fees, to prevailing parties. Title 28 U.S.C. § 1920 allows the court to tax

---

[1] The Defendant does not contest that Plaintiff is a prevailing party. To the extent that the Plaintiff remains a prevailing party following the appeal, the Defendant does not contest certain fees and expenses requested by the Plaintiff.

as costs: fees of the clerk and marshal; fees for transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and the costs of making copies where the copies are necessarily obtained for use in the case; docket fees; and compensation for court-appointed experts and interpreters. Title 28 U.S.C. § 1821 limits witness fees to $40 per day for each day of attendance and travel time, plus travel expenses. 28 U.S.C. § 1821(b)-(d).

The court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs in an action to enforce the RLUIPA. 42 U.S.C. § 1988(b). In addition, "all reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable in fee awards under 42 U.S.C. § 1988 because they are part of the costs normally charged to a fee-paying client." *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 380 (5th Cir. 1990).

Application

The Plaintiff submitted a Bill of Costs requesting $18,973.98 in taxable costs under 28 U.S.C. § 1920. The Plaintiff also requests $273,446.37 in attorney's fees and expenses under 42 U.S.C. § 1988. The Defendant objects to $101,307.30 of the amount requested by the Plaintiff.

*I. Fees of the Clerk*

The Plaintiff incurred $1,260.00 in filing fees during the course of this litigation. Filing fees are a recoverable cost under 28 U.S.C. § 1920. The Defendant is unopposed to paying these fees. Accordingly, the Plaintiff is awarded $1,260.00 in filing fees.

*II. Fees for Service of Summons and Subpoenas*

The Plaintiff seeks $420.00 in fees for a private process server to serve subpoenas on the Bureau of Prisons (BOP) and the California Department of Corrections and Rehabilitation (CDCR).

The Defendant does not object to $250.00 in fees for serving the BOP if the court finds that the depositions of the BOP officials were reasonable and necessary. The court find that the depositions of the BOP officials were reasonable and necessary, and the court notes that excerpts from those depositions were admitted at trial.

The Defendant objects to $170.00 in fees for serving the CDCR. The Defendant argues that the subpoena was fruitless because the CDCR is outside of subpoena range. This argument lacks merit. Although the place for compliance is limited to within 100 miles of where the person resides, is employed, or regularly transacts business, the subpoena may be served at any place in the United States. FED. R. CIV. P. 45(b),(c). At the time the subpoena was issued, it was reasonable and necessary to obtain discovery. Therefore, the Plaintiff is awarded $420.00 in fees for a process server to serve the subpoenas.

## III. Transcripts

The Plaintiff seeks to recover the costs for printed or electronically recorded transcripts in the amount of $15,136.28. The Defendant objects to some of the charges, alleging that the depositions of some of the witnesses were not reasonable or necessary.

### A. *Tracy Bailey*

The Defendant objects to the costs and attorney's fees associated with the deposition of Warden Tracy Bailey. The Defendant contends that Warden Bailey's testimony regarding female prison units and religious policies was improperly offered at trial because the Plaintiff's equal protection claim had previously been dismissed. The court has repeatedly ruled that the testimony regarding female offenders and their prison units was admissible because it was relevant to whether the Defendant's policies were the least restrictive means for furthering a compelling government

interest. Thus, this objection is overruled, and the Plaintiff will be allowed to recover the costs and attorney's fees associated with the deposition of Warden Bailey.

  B. *Rule 30(b)(6) Depositions*

The Defendant designated eighteen officials from the Texas Department of Criminal Justice (TDCJ) to answer questions regarding thirty deposition topics pursuant to Federal Rule of Civil Procedure 30(b)(6). The Defendant contends that time was needlessly wasted during the depositions and requests a fifteen percent reduction in attorney's fees for the depositions and transcript costs.

To the extent that the Defendant contends that time was wasted due to the number of depositions, the wasted time was of the Defendant's own making. Rule 30(b)(6) does not require that the deponent have personal knowledge of the matters for examination. Rather, the designated person "must testify about information known or reasonably available to the organization." FED. R. CIV. P. 30(b)(6); *see also Brazos River Authority v. GE Ionics, Inc*., 469 F.3d 416, 433 (5th Cir. 2006). The Defendant chose to designate eighteen officials, instead of preparing one person to testify on behalf of the agency on all topics. The Defendant should not be permitted to avoid the costs associated with deposing the eighteen officials.

The Defendant argues that the Plaintiff wasted time by asking "every designee about all matters." Although the Defendant requests a fifteen percent reduction in attorney's fees and transcripts related to the depositions, the Defendant cites only two examples of allegedly wasted time, encompassing portions of twelve pages of the transcripts. The court finds that the Plaintiff did not waste time during the depositions, and that the depositions were necessary and reasonable. Therefore, the Defendant's objections regarding the Rule 30(b)(6) depositions are overruled.

C.  *Deposition Topic Number One*

The Defendant objects to the payment of fees and costs associated with the Plaintiff's Rule 30(b)(6) deposition topic number one, which required an official to testify as to TDCJ's understanding of the Plaintiff's religious exercise, specifically whether the Plaintiff is a Muslim and whether his beliefs require him to wear a beard and/or a Kufi. The Defendant contends that it was logically impossible to testify about the Plaintiff's beliefs. However, rather than choosing not to contest the sincerity of the Plaintiff's religious beliefs, the Defendant designated Chaplains Bill Pierce and Omar Shakir to testify on that topic. Therefore, this objection lacks merit.

D.  *Deposition of Dr. Bobby Vincent*

The Defendant contends that the Plaintiff should bear the cost of the transcript, $516.35, and the attorney's fees, $1,890.00, for the deposition of Dr. Bobby Vincent. The Defendant designated Dr. Vincent to testify on three Rule 30(b)(6) topics, and Dr. Vincent had also been designated as an expert witness for the defense. The Defendant argues that Dr. Vincent should have been deposed in his expert capacity at the same time he was deposed as a Rule 30(b)(6) designee. The Defendant fails to cite any case law in support of this contention. Further, Dr. Vincent was only deposed once, as the Plaintiff decided to forego the expert deposition.

The Defendant also argues that the Plaintiff should bear the costs and fees of the deposition because Plaintiff's counsel spent five pages of the deposition asking Dr. Vincent about how hygiene impacts security and asked two questions that were outside of Dr. Vincent's expertise. The amount of time spent on issues the Defendant claims were outside the scope of Dr. Vincent's designation was minimal, at best. Moreover, the effects of a beard on inmate hygiene and security were

contested matters in the trial. As a result, the court finds Defendant's objections to the costs and fees associated with Dr. Vincent's deposition lack merit.

E. *Rough Drafts of Depositions*

The Defendant objects to payment of fees totaling $283.40 for rough drafts of transcripts for the depositions of Bradley Freilick and Heidi Kugler. The Defendant asserts that the rough draft of the depositions taken on April 25, 2014 was not necessary for use in the case, as required by 28 U.S.C. § 1920(2) because the trial was nearly three months later. The Defendant contends the Plaintiff should not be reimbursed for both the rough drafts and the final certified transcripts. In this case, the expedited rough drafts of the transcripts were necessarily obtained for use in the case because the Plaintiff's experts needed to review the depositions before submitting their expert reports, which were due on May 5, 2014. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63 64 (5th Cir. 1994) (allowing recovery of cost for daily transcripts because they were not obtained primarily for the convenience of the parties, but were necessarily obtained for use in the case).

IV. Exemplification and Copies

The Defendant objects to payment of $2,157.70 for copying costs and three hours of a graphic artist's services. The Defendant argues that the $375.00 payment to the graphic artist who created demonstrative exhibits that were used at trial is not recoverable under § 1920. The Defendant also contends that the copy costs, $1,782.70, should not be recoverable under § 1920 because the Plaintiff did not detail what was copied and whether each copy was necessary and reasonable, and multiple copies of documents were created. In the alternative, the Defendant contends the copy costs should be reduced by fifty percent.

6

Regardless of whether the copying and graphic artist fees are recoverable under § 1920, they are recoverable under § 1988 as fees generally charged to a paying client. The services of the graphic artist were reasonable and necessary. The graphic artist created computer enhanced images, which were used as demonstrative exhibits at trial, showing how the Plaintiff would look with a beard and a Kufi. The Plaintiff's photocopying expenses were also reasonable and necessary for trial. The Defendant produced nearly 5,000 pages of documents, and the BOP produced several hundred pages of documents. The Plaintiff photocopied 12,391 pages of both black and white and color documents, at an average cost of $.14 per copy. The Plaintiff prepared copies of the BOP's documents for production to the Defendant. Copies of documents were made for use in depositions. Finally, the Plaintiff prepared copies of the exhibits for counsel, the court, and the witnesses to use at trial. Therefore, the Plaintiff is awarded $2,157.70 for copying costs and the services of a graphic artist.

V. *Attorney Hours and Fees*

As the prevailing party, the Plaintiff is entitled to recover attorney's fees. To determine the appropriate award of attorney's fees, the court must calculate a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999). The court must then determine whether the lodestar amount should be adjusted in light of the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Under *Johnson*, the court must consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service; (4) the preclusion of other employment due to the attorney's acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience,

reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Prior to submitting his request for attorney's fees, counsel deleted from the record time spent not directly on the issues on which the Plaintiff prevailed. Counsel also deleted attorney travel time and paralegal expenses. After making these voluntary deductions, the Plaintiff seeks attorney's fees in the amount of $198,552.60. This amount is based on 66.6 hours billed at $165 per hour and 992.4 hours at $189 per hour. Although the three attorneys for the Plaintiff customarily bill at much higher rates, the Prison Litigation Reform Act limits the hourly rate for attorney's fees to 150 percent of the hourly rate established under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, for court-appointed counsel. 42 U.S.C. § 1997e(d)(3). Thus, the hourly rates are capped at $165 from December 19, 2013 to February 27, 2014, and $189 from February 27, 2014 until the present. The court finds that these rates are reasonable in light of the experience of the attorneys.

The Defendant does not dispute that the Plaintiff is entitled to attorney's fees, or the rate at which those hours were billed. Instead, the Defendant argues that the fees should be reduced for duplicative billing and block billing.

First, the Defendant argues that the Plaintiff's attorney's fees should be reduced by $13,679.03 for duplicative billing. The Defendant argues that time spent conferring between the attorneys should not have been billed by each attorney. However, consultation between attorneys is essential to effective litigation. *Lewallen v. City of Beaumont*, 2009 WL 2175637, at *10 (E.D. Tex. July 20, 2009). The time spent conferring was not excessive and should be compensated. The Defendant also contends that time spent in depositions by two attorneys should not have been billed by both. The Plaintiff argues that having more than one attorney present allowed the Plaintiff to take

multiple depositions each day for multiple days, which ultimately expedited discovery and saved money in travel expenses. The Plaintiff notes that the Defendant had multiple attorneys present at most depositions, and the Defendant had five attorneys present for the Plaintiff's deposition. Given the circumstances, it was reasonable for the Plaintiff to have more than one attorney present at the depositions. Thus, their work on the case was not duplicative.

The Defendant argues that the attorney's fees should be reduced by $1,814.45 for "block billing," which lists several tasks performed during a block of time, instead of itemizing how long each task took. Although the billing records could have been more detailed, they were sufficiently detailed for the court to determine how the attorneys' time was spent. In this case, it is not necessary for the court to have more detailed records because the Plaintiff prevailed on both of his claims; there is no need to reduce the attorney's fees to disallow fees for unsuccessful claims.

After considering all relevant factors, the court concludes that the lodestar amount, $198,552.60 is the appropriate amount to award the Plaintiff in attorney's fees.

*VI. Attorney Expenses*

The Plaintiff seeks $74,893.77 in out-of-pocket expenses recoverable as attorney's fees under § 1988. The Defendant objects to payment of attorney travel costs, charges for postage and collect telephone calls, expert fees above the standard allowance for witness fees and travel, and the cost of trial supplies.

*A.   Attorney Travel Expenses*

The Defendant argues that attorney's travel expenses are not recoverable under § 1920. While this is true, attorney travel expenses are recoverable under § 1988 as fees generally charged to a paying client. *Lewallen*, 2009 WL 2175637, at *16. The Defendant also objects to the costs of

9

meals on several occasions during trial and depositions. The cost of those meals ranged from $46.15 to $83.82. While the cost of those meals appears high, the court notes that only one attorney turned in a receipt for each of those meals although there were multiple attorneys traveling. Thus, it appears that the attorneys ate together and paid together rather than requesting separate bills. The court finds the cost of the meals was not excessive. The Plaintiff is entitled to recover $7,823.88 in attorney travel expenses.

   *B.*  *Postage and Telephone Charges*

The Plaintiff seeks $528.36 in expenses for postage and collect calls. These are the type of expenses which are normally charged to a fee-paying client, and they are recoverable under § 1988. *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 529 (5th Cir. 2001).

   *C.*  *Expert Fees*

The Plaintiff seeks reimbursement for $65,943.37. The Plaintiff argues that expert fees are recoverable under § 1988 because they are normally charged to fee-paying clients.

Expert fees, in excess of the fees allowed for witnesses by 28 U.S.C. §§ 1920 and 1821, may only be recovered by the prevailing party if the fee shifting statute involved specifically allows it. *W. Va. Univ. Hosp. v. Casey*, 499 U.S. 83 (1991). In response to the Supreme Court's decision in *Casey*, Congress added subsection (c) to 42 U.S.C. § 1988. Section 1988(c) allows expert fees in actions brought pursuant to 42 U.S.C. §§ 1981 and 1981a, but does not allow for recovery of expert fees in other civil rights cases. 42 U.S.C. § 1988(c). As a result, the Plaintiff may only recover the witness fees allowable under § 1821.

Title 28 U.S.C. § 1821 provides that witnesses shall be paid $40.00 for each day of attendance and travel. 18 U.S.C. § 1821(b). A witness who travels by common carrier is paid for

the actual expenses, at the most economical rate reasonably available and shall provide a receipt or other evidence of actual cost. 18 U.S.C. § 1821(c)(1). If the witness travels by privately-owned vehicle, mileage is paid pursuant to Title 5 U.S.C. § 5704. Finally, a subsistence allowance shall be paid to the witness if an overnight stay is required. 18 U.S.C. § 1821(d)(1).

### 1. Fees for Tim Gravette

For the deposition of Mr. Tim Gravette, which necessitated travel from June 16, 2014, through June 17, 2014, the Plaintiff should be reimbursed for two days of witness fees for travel and the deposition, which totals $80. Because Mr. Gravette traveled 568 miles by a privately-owned vehicle, the Plaintiff is entitled to be reimbursed for mileage at $.56 per mile. Also, the cost of Mr. Gravette's hotel, $102.35 should be reimbursed.

Mr. Gravette spent four days traveling to and attending the trial from July 14, 2014, through July 17, 2014, for a total of $160 in witness fees for trial. His mileage to and from Lufkin was 519 miles at $.56 per mile. Also, his hotel expenses of $523.30 should be reimbursed.

The Plaintiff is entitled to recover $1474.37 for Mr. Gravette's witness fees and expenses.

### 2. Fees for Abed Awad

The Defendant argues that no fees should be paid for Mr. Awad because his testimony was not relevant. The court disagrees and finds that the Plaintiff is entitled to recover witness fees and expenses for the testimony of Mr. Awad.

The Plaintiff should be reimbursed for two days of travel and trial attendance from July 13, 2014, through July 14, 2014, for a total of $80. The Plaintiff is entitled to be reimbursed for Mr. Awad's basic plane fare, $1,186.50, but not the upgrades totaling $124.00. The Plaintiff is also

entitled to reimbursement for the cost of airport parking, $66.00; the hotel in Lufkin, $129.95; and Mr. Awad's rental car and gas, $353.10.

The Plaintiff is entitled to recover $1815.55 for Mr. Awad's witness fees and expenses.

### 3. Fees for George Sullivan

Mr. George Sullivan spent two days traveling to and from his deposition and one day for his deposition on June 17, 2014. He also spent two days traveling to and from the trial and attended trial for two days. Thus, the Plaintiff should be reimbursed $280.00 for Mr. Sullivan's witness fees. Mr. Sullivan submitted hotel receipts of $307.05 for his deposition and $519.80 for his attendance at trial. Those expenses are recoverable. Mr. Sullivan claimed a total of 352 miles to and from the airport for travel. Those miles are reimbursable at $.56 per mile, but Mr. Sullivan's air fare and other expenses are not recoverable because the Plaintiff did not submit receipts for those expenses.

The Plaintiff is entitled to recover $1304.42 for Mr. Sullivan's witness fees and expenses.

### D. Trial Supplies

The Plaintiff requests reimbursement for the cost of notepads, pens, calculators, binders, and other materials that were used at trial. The trial supplies are ordinary office supplies and equipment. Most, if not all, of the items can be reused. Following the appeal, the binders in the court's possession can be returned to counsel. The cost of the items was de minimis and not the sort of expenses normally charged to a paying client. Thus, the Plaintiff may not recover the cost of trial supplies.

ORDER

The Plaintiff's motion for taxation of costs and attorney's fees (document no. 356) is **GRANTED** in part and **DENIED** in part. It is **ORDERED** that the Defendant shall pay the Plaintiff $16,312.72 in costs and $214,160.44 in attorney's fees and expenses.

SIGNED this 29th day of April, 2015.

_____
Zack Hawthorn
United States Magistrate Judge